IN THE UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

IN RE: BARNEY WARREN AND                        4:17-BK-16242 J
        MISSELTHEAN WARREN                            CHAPTER 7
        DEBTORS

DEERE & COMPANY                                                       MOVANT

V.

BARNEY WARREN, MISSELTHEAN WARREN
AND M.RANDY RICE                                       RESPONDENTS

## DEERE & COMPANY'S
## MOTION REGARDING THE AUTOMATIC STAY

       Comes the creditor, Deere & Company, by and through its attorneys, Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd., and for its Motion Regarding the Automatic Stay states:

       1.        Deere & Company is a secured creditor and, therefore, has standing to bring this Motion.

       2.        This Motion is brought pursuant to 11 U.S.C. §§ 362 and 554 and applicable Bankruptcy Rules. This Motion presents a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

       3.        On or about May 14, 2016, Barney Warren ("**Warren**") purchased, **1 – Used JD Model 3120 Compact Utility Tractor; S/N LV3120H410388; 1 – Used JD Model 448 Backhoe; S/N LV0448X040329; and 1 – Used JD Model 300X Loader; S/N W00300XX012264** (collectively the "**Tractor**") from Maus Implement Company In order to effect the purchase, Warren financed $22,738.00 through Deere & Company and granted to Deere & Company a security interest in the Tractor. Copies of the Loan Contract - Security Agreement and subsequent Refinance Loan Contract-Fixed (the "**Tractor Contracts**") and

1

UCC-1 Financing Statement evidencing the financing and perfection of the security interest are attached hereto and incorporated herein collectively as Exhibit "A".

4. As of the petition date herein Warren owed to Deere & Company $16,918.10, on the Tractor Contract exclusive of attorney's fees and costs, on the Contracts secured by the Tractor while the Debtors have in their schedules valued the Tractor at only $13,206.00. The Tractor Contract is cross-collateralized with the Mower Contract described in paragraph 6 below.

5. The Debtors propose in their Statement of Intention to surrender the Tractor. Debtors are presently past due on their payments to Deere & Company on the Tractor Contract and the Mower Contract described in paragraph 6 below.

6. On or about July 13, 2017, Warren purchased, **1 – New JD Model 335M Z Track Mower; S/N: 1GXZ335FKHH060298** (the "**Mower**") from Maus Implement Company In order to effect the purchase, Warren financed $2,372.41 through Deere & Company and granted to Deere & Company a security interest in the Mower. Deere & Company has a perfected purchase money security interest in the Mower. A copy of the Loan Contract - Security Agreement (the "**Mower Contract**") evidencing the financing is attached hereto and incorporated herein as Exhibit "B".

7. As of the petition date herein Warren owed to Deere & Company $2,288.32, exclusive of attorney's fees and costs, on the Contracts secured by the Mower. The value of the Mower is between $1,600.00 and $1,900.00. The Mower is cross-collateralized with the Tractor Contract.

8. The Debtors propose in their Statement of Intention to reaffirm the Mower Contract. However, Debtors are past due on their monthly payments to Deere & Company on the Mower Contract and the Tractor Contract.

9. Based on the foregoing, cause is shown to terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow Deere & Company to liquidate both the Tractor and the Mower.

10. Further, based on the foregoing, the Debtors have no equity in the Tractor or the Mower and neither the Tractor nor the Mower are necessary for an effective reorganization and the automatic stay must be terminated pursuant to 11 U.S.C. §362 (d)(2).

11. Deere & Company requests that if its Motion is granted, that the Court waive the 14-day stay provision of Bankruptcy Rule 4001(a)(3).

**WHEREFORE,** Deere & Company prays that its Motion Regarding the Automatic Stay be granted; that the Court terminate the automatic stay as to both the Tractor and Mower so that Deere & Company can take possession of same in order to liquidate both the Tractor and Mower; that the Debtors surrender and abandon their interests in the Tractor and Mower; and for all other relief to which it may be entitled.

    Respectfully Submitted,

    HILBURN, CALHOON, HARPER,
     PRUNISKI & CALHOUN, LTD.
    Post Office Box 5551
    North Little Rock, AR 72119
    (501) 372-0110

    By: /s/ Randy L. Grice
        Randy L. Grice (93131)
        Attorneys for Deere and Company

## CERTIFICATE OF SERVICE

      I, Randy L. Grice, do hereby certify that the foregoing pleading has been served on and be delivered to all electronic case filing system participating parties *via* the Court's ECF noticing systems and provided to the following counsel of record, via U.S. Mail or electronically, this 31st day of January, 2018:

James O. Wyre, II
BANKRUPTCY PROFESSIONAL CENTER
690 S. Salem, Ste. 301
Conway, AR 72034
(501) 932-0383
*Attorney for the Debtors*


M. Randy Rice
Chapter 7 Panel Trustee
523 S Louisiana, Ste. 300
Little Rock, AR 72201-5771
(501) 374-1019
*Chapter 7 Panel Trustee*


U.S. Trustee
Office of the U.S. Trustee
200 W. Capitol, Ste. 1200
Little Rock, AR 72201


                                        /s/ Randy L. Grice
                                        Randy L. Grice



**RECEIVED**
MAY 31 2016

**JOHN DEERE FINANCIAL**   JOHN DEERE FINANCIAL

Application ID: **12164355**
Version Number: 5
**FIXED RATE CONTRACT**
AG/C&CE Business or Commercial Use

## LOAN CONTRACT - SECURITY AGREEMENT
Contract Begin Date: 05/14/2016

| SELLER'S NAME AND ADDRESS | | | |
|---|---|---|---|
| MAUS IMPLEMENT COMPANY<br>1187 HIGHWAY 9<br>MORRILTON, AR 72110 | | DEALER NUMBER<br>04-0205 | PHONE NUMBER<br>501-354-3527 |

| BORROWER'S NAME AND PHYSICAL ADDRESS | | | |
|---|---|---|---|
| BARNEY WARREN<br>16 PAPA AND NANNY<br>ADONA, AR 72001-8003 | BORROWER'S<br>SOC. SEC. NUMBER<br>***-**-0998 | BORROWER'S<br>PHONE NO.<br>501-662-4984 | TYPE OF<br>BUSINESS |
| BORROWER RESIDES IN (County/State)<br>PERRY, AR | BORROWER AGREES TO KEEP GOODS IN (County/State)<br>PERRY, AR | | |

**1. Parties.** This Loan Contract-Security Agreement ("Contract") is entered into between Deere & Company ("we", "us" or "our") and the borrower(s) indicated above ("you" or "your"). If more than one borrower is indicated, each borrower shall be jointly and severally liable for all of the obligations under this Contract.

**2. Loan.** You hereby apply for a loan in the Amount Financed shown below, which, if accepted by us, the loan will be (a) subject to the terms and conditions set forth in this Contract, and (b) used to finance the balance due on the purchase from the Seller of the equipment and/or services described below (the "Equipment"). All attachments and accessories itemized on this Contract and all replacements, parts and repairs to the Equipment shall form part of the Equipment.

**3. Installment Payments.** In addition to any down payment, you agree to pay us the Amount Financed, together with finance charges from the Date Finance Charge Begins, at the Annual Percentage Rate, by remitting each of the Installment Payments on or before the due dates indicated. Any amounts applied to this Contract will be applied first to any late charges, any charges for dishonored checks and any other fees or costs due under this agreement, then to finance charges, computed on the date the payment is received and the remainder to the Amount Financed. You agree that your payments will be applied as of the date of receipt if received by 11:00 a.m. Central Time Monday through Friday (otherwise next business day); but if payment is not accompanied by the payment stub, is not in the envelope we provided, includes other items such as other checks, staples or paper clips, or is not received at that location, credit may be delayed up to five days. This Contract is not accepted by us until we sign it, even if you have made a payment to us. You agree to remit to us the Installment Payments and all other amounts when due and payable each Billing Period, even if we do not send you a bill or an invoice. **YOUR PAYMENT OBLIGATIONS ARE ABSOLUTE AND UNCONDITIONAL, AND ARE NOT SUBJECT TO CANCELLATION, REDUCTION OR SETOFF FOR ANY REASON WHATSOEVER.** For any scheduled payment which is not received by its due date, you agree to pay us interest on the unpaid amount at a rate of 20% per annum on that scheduled payment, but in no event more than the maximum lawful rate, from the due date until paid. Restrictive endorsements on checks you send to us will not change or reduce your obligations to us. We will not lose any rights if we accept late or partial payments or delay enforcing our rights under this Contract. If a check or electronic payment authorization you give us is dishonored upon first presentment, you agree to pay us a fee of $25.00, or the maximum amount permitted by law, whichever is less. Installment Payments and other payments, including proceeds of insurance or any sale of the Equipment, may be applied, at our discretion and in spite of any instructions you may provide, to any obligation you may have to us or any of our affiliates. If the total of all payments made by you exceeds the total of all amounts due under this Contract by less than $25.00, we may retain such excess.

| EQUIPMENT PURCHASED | | | | | |
|---|---|---|---|---|---|
| QTY | NEW/USED | MFR | MODEL | EQUIPMENT DESCRIPTION | AMOUNT |
| 1 | USED | JD | 3120 | 3120 COMPACT UTILITY TRACTOR | $14,000.00 |
| PRODUCT ID NO. LV3120H410388 | | | | | |
| 1 | USED | JD | 448 | 448 Backhoe | $5,000.00 |

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | Settlement Nbr  12164355 | Equipment Type: Agriculture Agricultural | | |
|---|---|---|---|---|
| | Application ID  12164355 | Version Number: 5 | 05/14/2016 01:50 PM | Page 1 of 6 |
| Revision Date: 14 September 2014 | | | | |




EXHIBIT "A"

| PRODUCT ID NO. | LV0448X040329 | | | | |
|---|---|---|---|---|---|
| 1 | USED | JD | 300X | 300X Loader | $3,000.00 |
| PRODUCT ID NO. | W00300XX012264 | | | | |

### TRADE-IN and CASH DOWN PAYMENT

| QTY | MFR | MODEL | DESCRIPTION OF TRADE-IN (From Purchase Order) | PRODUCT ID NO | AMOUNT |
|---|---|---|---|---|---|
| | | | | TOTAL TRADE-IN: | $0.00 |
| | | | | CASH DOWN PAYMENT | $0.00 |
| | | | | RENTAL APPLIED | $0.00 |
| | | | | TOTAL TRADE-IN PLUS CASH DOWN | $0.00 |

### INSTALLMENT PAYMENTS

DATE FINANCE CHARGE BEGINS: May 14, 2016

The first Installment Payment Due Date is June 14, 2016 and each successive Installment Payment is due on the same day of the Month thereafter, (the "Billing Period"), unless otherwise provided below:

| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | DUE DATE |
|---|---|---|
| 60 | $423.97 | June 14, 2016 |

The amounts shown below as Finance Charge, Total of Payments and Total Sale Price are estimates based upon the assumption that payments will be made on the scheduled payment due date according to the installment schedule. The actual Finance Charge, Total of Payments, and Total Sale Price may vary depending upon the early or late payment of scheduled installments.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| SALES TAX (Paid to Govt. Agencies) | | $0.00 |
| CASH PRICE (Including Tax) | 1 | $22,000.00 |
| TOTAL DOWN PAYMENT (Sum of Trade-In & Cash Down Payment) | 2 | $0.00 |
| UNPAID BALANCE OF CASH PRICE (The amount credited to your account with us) | 3 | $22,000.00 |
| INSURANCE (Physical Damage Paid to Insurance Companies) | 4 | $572.00 |
| ORIGINATION FEES | 4A | $150.00 |
| OFFICIAL FEES (Paid to Public Officials) | 5 | $16.00 |
| AMOUNT FINANCED (Lines 3, 4, 4A, 5 & 5A (If Applicable) ) The amount of credit provided to you. | 6 | $22,738.00 |
| FINANCE CHARGE (Based on Line 6) The dollar amount the credit will cost you | 7 | $2,700.20 |
| TOTAL OF PAYMENTS (Lines 6 & 7) The amount you will have paid after you have made all payments as scheduled | 8 | $25,438.20 |
| ANNUAL PERCENTAGE RATE (The cost of your credit as a yearly rate) | | 4.50% |
| TOTAL SALE PRICE (Lines 1, 4, 4A, 5, 5A (If Applicable), & 7) The total price of your purchase on credit, including the Total Down Payment of $0.00. | | $25,438.20 |

**4. Prepayment.** You may prepay your obligations under this Contract in full at any time by paying the unpaid principal balance and any earned and unpaid finance charges. The unpaid principal balance includes any origination fee.

**5. Security Interest; Missing Information.** You grant us and our affiliates a security interest in the Equipment (and all proceeds thereof) to secure all of your obligations under this Contract and any other obligations which you may have to us or any of our affiliates or assignees at any time and you agree that any security interest you have granted or hereafter grant to us or any of our affiliates shall also secure your obligations under this Contract. You agree that we may act as agent for our affiliates and our affiliates may act as agent for us, in order to perfect and realize on any security interest described above. Upon receipt of all amounts due and to become due under this Contract, we will release our security interest in the Equipment (but not the security interest for amounts due an affiliate), provided no event of default has occurred and is continuing. You agree to keep the Equipment free and clear of all liens and encumbrances, except those in favor of us and our affiliates as described above, and to promptly notify us if a lien or encumbrance is placed or threatened against the Equipment. You irrevocably authorize us, at any time, to (a) insert or correct information on this Contract, including your correct legal name, serial numbers and Equipment descriptions; (b) submit notices and proofs of loss for any required insurance; (c) endorse your name on remittances for insurance and Equipment sale or lease proceeds; and (d) file a financing statement(s) which describes either the Equipment or all equipment currently or in the future financed by us. Notwithstanding any other election you may make, you agree that (1) we can access any information regarding the location, maintenance, operation and condition of the Equipment; (2) you irrevocably authorize anyone in possession of that information to provide all of that information to us upon our request; (3) you will not disable or otherwise interfere with any information gathering or transmission device within or attached to the Equipment; and (4) we may reactivate any such device.

### THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| DOC8015 | Settlement Nbr 12164355 | Equipment Type Agriculture Agricultural | | Page 2 of 6 |
|---|---|---|---|---|
| | Application ID 12164355 | Version Number 5 | 05/14/2016 01:50 PM | |
| Revision Date: 14 September 2014 | | | | |



**6. Equipment Maintenance, Operation and Use.** You agree to (a) **USE THE EQUIPMENT ONLY FOR AGRICULTURAL, BUSINESS OR COMMERCIAL PURPOSES AND NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES**; (b) operate and maintain the Equipment in accordance with all (1) applicable laws, ordinances and regulations, (2) manuals and other instructions issued by the manufacturer(s) and supplier(s), and (3) insurance policy terms and requirements; (c) perform (at your expense) all maintenance and repairs necessary to keep the Equipment in as good a condition as when delivered to you, reasonable wear excepted; (d) allow us and our agent(s) to inspect the Equipment and all of your records related to its use, maintenance and repair, at any reasonable time; and (e) not permit the Equipment to be used by, or to be in the possession of, anyone other than you or your employees.

**7. Insurance.** You agree, at your cost, to maintain all-risk insurance coverage with respect to the Equipment for no less than its full replacement value, naming us (and our successor and assigns) as sole loss payee. You may choose who provides that insurance, but that insurance must be with companies and policies acceptable to us. Your obligation to insure the Equipment continues until all your other obligations under this Contract are satisfied. Each insurance policy must provide that (1) our interest in the policy will not be invalidated by any act, omission, breach or neglect of anyone other than us; (2) the insurer will give us at least 30 days' prior written notice before any cancellation of, non-renewal of, or material change to, the policy; and (3) such coverage shall be primary over any insurance purchased by us (or our affiliates).

Unless you provide us with evidence of the required insurance coverage's, we may, but are not required to, purchase insurance, at your expense, to protect our interests in the Equipment and charge you an insurance fee on which we may make a profit. This insurance may not (1) protect your interests; or (2) pay any claim that you make or any claim that is made against you in connection with the Equipment. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained the insurance required by this Contract. **THE COST OF THE INSURANCE MAY BE MORE THAN THE COST OF THE INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN. THE COVERAGES OF THAT INSURANCE MAY BE DIFFERENT FROM THE COVERAGES OF INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN.** You agree to pay us the cost of any insurance plus a $150 insurance placement and service fee. You will immediately pay that amount to us or we may, at our sole discretion, add that cost to the Account Balance and increase the required Installment Payments accordingly.

If a default occurs, you authorize us to cancel the insurance on the Equipment and apply any returned premiums to the Account Balance.

If the cost of the insurance was included in the Amount Financed, that insurance will terminate (a) if your debt to us is discharged, (b) if we release our security interest in the Equipment, (c) if a default occurs and we cancel the insurance, (d) if the Equipment is repossessed, (e) if the Floater Policy under which you purchased that insurance terminates, or (f) on the due date of the final scheduled Installment Payment.

**8. Loss or Damage.** Until all of your obligations under this Contract are satisfied, you are responsible for all risk of loss and damage, loss, theft, destruction or seizure of the Equipment (an "Event of Loss"). You must promptly notify us of any Event of Loss. If the Equipment can be repaired or replaced, you agree to promptly repair or replace the Equipment, at your cost, and the terms of this Contract will continue to apply. If the Equipment cannot be repaired or replaced, you agree to immediately pay us the Account Balance. Upon receipt of the Account Balance, we will release our security interest in the Equipment. All insurance proceeds must be paid directly to us, and we may apply any excess insurance proceeds to any other amounts you owe us or any of our affiliates.

**9. Default.** We may determine you to be in default if: (a) you fail to remit to us any Installment Payment or other payment when due; (b) you breach any other provision of this Contract; (c) you remove any Equipment from the United States; (d) a petition is filed by or against you or any guarantor under any bankruptcy, attachment, execution or insolvency law or you or any such guarantor make an assignment for the benefit of creditors; (e) a default occurs under any other agreement between you (or any of your affiliates) and us (or any of our affiliates); (f) you or any guarantor merges with or consolidates into another entity, sells substantially all its assets, dissolves or terminates its existence, or (if an individual) dies or becomes incompetent; (g) you fail to maintain the insurance required by this Contract; or (h) if for any reason, we deem the debt or the Equipment to be insecure. Time is of the essence under this Contract.

**10. Remedies.** If we determine that you are in default, we may do one or more of the following: (a) recover from you, AS LIQUIDATED DAMAGES FOR LOSS OF BARGAIN AND NOT AS A PENALTY, the Account Balance as of the date of such default, without presentment or demand; (b) declare any other agreements between you and us in default; (c) terminate any of your rights (but none of your obligations) under this Contract and any other agreement between you and us (or any of our affiliates); (d) require you to

THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| | Settlement Nbr: 12164355 | Equipment Type: Agriculture Agricultural | | |
|---|---|---|---|---|
| DOC8015 | Application ID: 12164355 | Version Number: 5 | 05/14/2016 01:50 PM | Page 3 of 6 |
| Revision Date: 14 September 2014 | | | | |



deliver the Equipment to us in the manner outlined below, or take possession of the Equipment; (e) lease or sell the Equipment or any portion thereof at a public or private sale; (f) apply the net proceeds we receive from any sale, lease or other disposition of the Equipment (after deducting all of our costs and expenses) to your obligations under this Contract, with you remaining liable for any deficiency; (g) require you to reimburse and indemnify us for all losses, claims, damages and expenses of any kind or nature whatsoever incurred in connection with the Equipment or this Contract and/or the enforcement of our remedies hereunder including, without limitation, repossession, repair and collection costs, damage awards, attorneys' fees and court and bankruptcy fees and costs; (h) exercise any other remedy available at law or in equity; and (i) take on your behalf (at your expense) any action required by this Contract which you fail to take. These remedies are cumulative, are in addition to any other remedies provided for by law, and may be exercised concurrently or separately. Any failure or delay by us to exercise any right shall not operate as a waiver of any other right or future right. In no event will the costs and expenses referred to in this section be more than those allowed by law.

If we determine that you are in default, all Equipment must be delivered to the place designated by us, at your expense and in satisfactory condition, along with all use, maintenance and repair records. Equipment is in satisfactory condition if it is in as good a condition as when the Equipment was delivered to you, reasonable wear excepted, as determined by us in our sole discretion.

**11. Assignment.** You will not assign, pledge or otherwise transfer any of your rights or interests in this Contract or any Equipment without our prior written consent. Any assignment without our consent will be void. We may assign this Contract or our interest in the Equipment at any time without notice to you and without your consent. We may provide information about you to any prospective assignee or participant. You agree not to assert against our assignee any claims, offsets or defenses which you may have against us.

**12. Representations and Warranties.** You represent, warrant and covenant to us so long as this Contract is in effect, that: (a) you will not change your name without giving us at least 30 days' prior written notice; (b) each document you sign and deliver to us is duly authorized, executed and delivered by you, and is your valid, legal and binding agreement, enforceable in accordance with its terms; (c) the execution, delivery and performance by you of this Contract does not (and will not) violate any applicable law or breach any order of court or other governmental agency, or of any undertaking you are a party to or by which you or any of your properties are bound; (d) you will comply with all applicable laws, ordinances and regulations; (e) upon execution of this Contract, the Seller shall have good and marketable title to any trade-in equipment free and clear of all liens and encumbrances whatsoever, (f) all information you have given to us is true, accurate and complete; (g) since the date of the most recent financial information given to us, no material adverse change in your business, assets, or prospects has occurred; (h) you will promptly deliver to us such financial statements, reports and other information as we may request; (i) the Equipment was selected by you; (j) the Equipment (including all manufacturer manuals and instructions) has been delivered to, and examined by, you; (k) the safe operation and the proper servicing of the Equipment were explained to you; (l) you received the written warranty applicable to the Equipment and understand that your rights under the written warranty may be limited; (m) the Equipment is unconditionally and irrevocably accepted by you as being suitable for its intended use; (n) the Equipment is in good condition and repair (operating and otherwise); (o) the Equipment shall be used only for the purpose indicated herein, will remain in your possession and will not be sold, rented or leased; and (p) you will pay all taxes assessed on the Equipment.

Unless you are an individual, you also represent, warrant and covenant to us that: (a) you are and will remain duly organized, validly existing and in good standing under the laws of your jurisdiction of organization; (b) you are qualified to do business under the laws of all other jurisdictions where qualification is required or advisable; (c) you will not change your jurisdiction of organization or organization type without at least 30 days' prior written notice to us; and (d) the execution, delivery and performance by you of this Contract will not breach any provision of your organizational documents.

If you are an individual, you agree not to move your residence to a different county or state without at least 30 days' prior written notice to us.

**13. Governing Law; Jurisdiction; Venue. THIS CONTRACT WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF IOWA, WHERE THIS CONTRACT IS ACCEPTED AND ENTERED INTO,** except for its conflict of laws provisions. You irrevocably submit to the non-exclusive jurisdiction and venue of federal and state courts located in Des Moines, Iowa and will not claim it is an inconvenient forum for legal action. **YOU AND WE IRREVOCABLY WAIVE ANY RIGHT YOU AND WE MAY HAVE TO A JURY TRIAL.** However, you acknowledge that any Iowa state law compulsory mediation requirements will apply to this agreement or the Equipment only if you are a resident of the State of Iowa.

**14. Miscellaneous. WE HAVE NOT MADE, AND DO NOT MAKE, ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AS TO THE EQUIPMENT'S MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, SUITABILITY, OR**

THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| | Settlement Nbr: 12164355 | Equipment Type: Agriculture Agricultural | | |
|---|---|---|---|---|
| DOC8015 | Application ID: 12164355 | Version Number: 5 | 05/14/2016 01:50 PM | Page 4 of 6 |

Revision Date: 14 September 2014



OTHERWISE. **WE ARE NOT LIABLE FOR CONSEQUENTIAL OR SPECIAL DAMAGES.** You acknowledge that the Seller of the Equipment is not an agent of ours, or authorized to act for or bind us. You agree not to withhold any amount you owe us if you believe you have a claim against us, the Seller, or any manufacturer(s) of the Equipment, but to pursue that claim independently. Any claim you have against us must be made within two years after the event that caused it. All notices must be in writing and will be deemed given 5 days after mailing to the intended recipient at its address indicated above, unless changed by a notice given in accordance with this Section. This Contract supersedes and replaces all prior understandings and communications (oral or written) concerning the subject matter thereof. No part of this Contract can be amended, waived or terminated except by a writing signed by both you and us. This Contract may be signed in separate counterparts that, together, will constitute one document. A paper or facsimile transmission copy of your signature or an electronic signature shall constitute an original signature under applicable law for all purposes. If a court finds any part of this Contract to be invalid or unenforceable, the remainder of this Contract will remain in effect. You permit us, and those third parties who provide services to us, to monitor and record telephone conversations between you and us. You agree that by providing us any telephone number, including a mobile phone number, we, any debt collector we retain, and those third parties who provide services to us, can contact you using that number, including calls using an automatic dialing and announcing device and prerecorded calls. All of our rights shall remain in effect after the expiration or termination of this Contract. Any origination fee will be paid to the dealer or us and is not a document preparation fee and all documents you sign will be prepared by John Deere Financial and not by the dealer.

You and we intend to comply with all applicable laws. In no event will we charge or collect any amounts in excess of those allowed by applicable law. In the event any amount in excess of that allowed by law is charged or recovered, any such charge will be deemed limited by the amount legally allowed and any amount received by us in excess of that legally allowed will be applied by us to the payment of amounts legally allowed under this Contract, or refunded to you.

**PHYSICAL DAMAGE INSURANCE REQUIRED: If you elect Physical Damage Insurance below, such insurance does not include liability insurance coverage for bodily injury or property damage caused to others.**

| INSURANCE DISCLOSURES: You may obtain property insurance from any agent that is acceptable to us. Physical Damage Insurance will not be provided unless you sign at the right and the premium is indicated. | TERM IN MONTHS | TOTAL PREMIUM |
|---|---|---|
|  | 60 | $572.00 |

By signing below, you want Physical Damage Insurance and agree to pay the premium. (Sign in this box)

X  *Barney Warren*

BARNEY WARREN

**THE TERMS OF THIS CONTRACT SHOULD BE READ CAREFULLY BEFORE SIGNING BECAUSE ONLY THESE WRITTEN TERMS ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES MAY BE LEGALLY ENFORCED. BY SIGNING THIS CONTRACT, YOU AGREE TO THE TERMS ON ALL PAGES. THIS CONTRACT IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN YOU AND US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

**I agree that I have received a completely filled in copy of this Agreement.**

5-14-16  X  *Barney Warren*
(Date Signed)  BARNEY WARREN

THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| DOC8015 | Settlement Nbr 12164355 | Equipment Type Agriculture Agricultural |  |  |
|---|---|---|---|---|
|  | Application ID 12164355 | Version Number 5 | 05/14/2016 01:50 PM | Page 5 of 6 |

Revision Date: 14 September 2014



Accepted By: **Deere & Company (Lender)**
6400 NW 86th Street, Johnston, IA 50131-6600

By: *Jeff W. Jones*

_____ _____
(Date Agreement Signed)                (Authorized Signature)

JUN 0 2 2016

THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| DOC8015 | Settlement Nbr: 12164355 | Equipment Type: Agriculture Agricultural | | |
|---|---|---|---|---|
| Revision Date: 14 September 2014 | Application ID: 12164355 | Version Number: 5 | 05/14/2016 01:50 PM | Page 6 of 6 |



**Mark Martin**
**Arkansas Secretary of State**
Business and Commercial Services Division

Financing Statement - Initial

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

Date Filed: 6/2/2016 8:03 AM   Page(s):1

Filing ID: 40000129673739
Document ID: 7453316001

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)
114488

JOHN DEERE CREDIT
6400 N.W. 86TH ST. P.O. BOX 66
JOHNSTON, IA 50131 6630

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| WARREN | BARNEY | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16 PAPA AND NANNY | ADONA | AR | 72001 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
**DEERE & COMPANY**

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6400 NW 86TH ST | JOHNSTON | IA | 50131 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
JOHN DEERE 448 BACKHOE S/N: 040329
JOHN DEERE 3120 COMPACT UTILITY TRACTOR S/N: 410388
JOHN DEERE 300X LOADER S/N: 012264
TOGETHER WITH (1) ALL ATTACHMENTS, ACCESSORIES AND COMPONENTS, REPAIRS AND IMPROVEMENTS, (2) ALL ACCOUNTS, GENERAL
INTANGIBLES, CONTRACT RIGHTS AND CHATTEL PAPER RELATING THERETO, AND (3) ALL PROCEEDS, THERETO INCLUDING, WITHOUT
LIMITATION, INSURANCE, SALE, LEASE AND RENTAL PROCEEDS, AND PROCEEDS OF PROCEEDS.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, Item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
20160602080239057

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

RECEIVED

JUL 24 2017

JOHN DEERE FINANCIAL



**JOHN DEERE FINANCIAL**

Application ID: **12431706**
Version Number: 4
FIXED RATE CONTRACT
Consumer & Commercial Equipment

## LOAN CONTRACT - LIEN CONTRACT - SECURITY AGREEMENT

Contract Begin Date : 07/13/2017

| *SELLER'S NAME AND ADDRESS* | | |
|---|---|---|
| MAUS IMPLEMENT COMPANY<br>1187 HIGHWAY 9<br>MORRILTON, AR 72110 | DEALER NUMBER<br>04-5143 | PHONE NUMBER<br>501-354-3527 |

| *BORROWER'S NAME AND PHYSICAL ADDRESS* | | | |
|---|---|---|---|
| BARNEY WARREN<br>16 PAPA AND NANNY<br>ADONA, AR 72001-8003 | BORROWER'S SOC. SEC. NUMBER<br>***-**-0998 | BORROWER'S PHONE NO.<br>501-662-4984 | TYPE OF BUSINESS |
| BORROWER RESIDES IN (County/State)<br>CONWAY, AR |  | BORROWER AGREES TO KEEP GOODS IN (County/State)<br>PERRY, AR | |

**1. Parties.** This Loan Contract-Security Agreement ("Contract") is entered into between Deere & Company ("we", "us" or "our") and the borrower(s) indicated above ("you" or "your"). If more than one borrower is indicated, each borrower shall be jointly and severally liable for all of the obligations under this Contract. THIS IS A CONSUMER CREDIT TRANSACTION.

**2. Loan.** You hereby apply for a loan in the Amount Financed shown below, which, if accepted by us, the loan will be (a) subject to the terms and conditions set forth in this Contract, and (b) used to finance the balance due on the purchase from the Seller of the equipment and/or services described below (the "Equipment"). All attachments and accessories itemized on this Contract and all replacements, parts and repairs to the Equipment shall form part of the Equipment.

**3. Installment Payments.** In addition to any down payment, you agree to pay us the Amount Financed, together with finance charges from the Date Finance Charge Begins, at the Annual Percentage Rate, by remitting each of the Installment Payments on or before the due dates indicated. Any amounts applied to this Contract will be applied first to any late charges, any charges for dishonored checks and any other fees or costs due under this agreement, then to finance charges, computed on the date the payment is received and the remainder to the Amount Financed. You agree that your payments will be applied as of the date of receipt if received by 11:00 a.m. Central Time Monday through Friday (otherwise next business day); but if payment is not accompanied by the payment stub, is not in the envelope we provided, includes other items such as other checks, staples or paper clips, or is not received at that location, credit may be delayed up to five days. This Contract is not accepted by us until we sign it, even if you have made a payment to us. You agree to remit to us the Installment Payments and all other amounts when due and payable each Billing Period, even if we do not send you a bill or an invoice. For any scheduled payment which is not received within 10 days of its due date, you agree to pay a late charge. That charge will be 5% of the unpaid amount of the installment, or $15.00, whichever is less, but in no event more than the maximum lawful charge. Restrictive endorsements on checks you send to us will not change or reduce your obligations to us. We will not lose any rights if we accept late or partial payments or delay enforcing our rights under this Contract. If a check or electronic payment authorization you give us is dishonored upon first presentment, you agree to pay us a fee of $20.00, or the maximum amount permitted by law, whichever is less. Installment Payments and other payments, including proceeds of insurance or any sale of the Equipment, may be applied, at our discretion and in spite of any instructions you may provide, to any obligation you may have to us or any of our affiliates. If the total of all payments made by you exceeds the total of all amounts due under this Contract by less than $1.00, we may retain such excess.

| *EQUIPMENT PURCHASED* | | | | | |
|---|---|---|---|---|---|
| QTY. | NEW/USED | MFR. | MODEL | EQUIPMENT DESCRIPTION | AMOUNT |
| 1 | NEW | JD | 335M | Z335M 42A | $2,599.00 |
| PRODUCT ID NO. 1GXZ335FKHH060298 | | | | | |

THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

DOC9007
Revision Date: 25 June 2017

Settlement Nbr: 12431706
Application ID: 12431706

Equipment Type: C & CE Personal
Version Number: 4

07/13/2017 01:20 PM





EXHIBIT
`B`

| TRADE-IN and CASH DOWN PAYMENT | | | | | |
|---|---|---|---|---|---|
| QTY. | MFR. | MODEL | DESCRIPTION OF TRADE-N (From Purchase Order) | PRODUCT ID NO. | AMOUNT |
| | | | | TOTAL TRADE-IN: | $0.00 |
| | | | | CASH DOWN PAYMENT: | $600.00 |
| | | | | RENTAL APPLIED: | $0.00 |
| | | | | TOTAL TRADE-IN PLUS CASH DOWN: | $600.00 |

| INSTALLMENT PAYMENTS | | | The amounts shown below as Finance Charge, Total of Payments and Total Sale Price are estimates based upon the assumption that payments will be made on the scheduled payment due date according to the installment schedule. The actual Finance Charge, Total of Payments, and Total Sale Price may vary depending upon the early or late payment of scheduled installments. | | |
|---|---|---|---|---|---|
| DATE FINANCE CHARGE BEGINS: July 13, 2017 | | | | | |
| The first Installment Payment Due Date is August 13, 2017 and each successive Installment Payment is due on the same day of the Month thereafter, (the "Billing Period"), unless otherwise provided below; | | | ITEMIZATION OF AMOUNT FINANCED | | |
| | | | SALES TAX (Paid to Govt. Agencies) | | $240.41 |
| | | | CASH PRICE (Including Tax) | 1 | $2,839.41 |
| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | DUE DATE | TOTAL DOWN PAYMENT (Sum of Trade-In & Cash Down Payment) | 2 | $600.00 |
| 48 | $54.54 | August 13, 2017 | UNPAID BALANCE OF CASH PRICE (The amount credited to your account with us) | 3 | $2,239.41 |
| | | | INSURANCE (Physical Damage Paid to Insurance Companies) | 4 | $133.00 |
| | | | ORIGINATION FEES Only Applies to Personal Use in the state of Maine. | 4A | $0.00 |
| | | | OFFICIAL FEES (Paid to Public Officials) | 5 | $0.00 |
| | | | AMOUNT FINANCED (Lines 3, 4, 4A & 5) The amount of credit provided to you. | 6 | $2,372.41 |
| | | | FINANCE CHARGE (Based on Line 6) The dollar amount the credit will cost you. | 7 | $245.51 |
| | | | TOTAL OF PAYMENTS (Lines 6 & 7) The amount you will have paid after you have made all payments as scheduled. | 8 | $2,617.92 |
| | | | ANNUAL PERCENTAGE RATE (The cost of your credit as a yearly rate) | | 4.90% |

**SECURITY AGREEMENT:** You give us a security interest in the Equipment purchased.

**PREPAYMENT REFUND:** You may prepay all or part of the outstanding balance due under this agreement at any time before your payments are due without penalty.

**LATE CHARGES:** You promise to pay a late charge on each installment which is not paid in full within 10 days from the date it is due. That charge will be 5% of the unpaid amount of the installment or $15.00, whichever is less.

**ADDITIONAL CONTRACT INFORMATION:** See all of the pages of this agreement for additional information and terms regarding non-payment, default, the right to demand immediate payment, and prepayment refunds.

**4. Prepayment.** You may prepay your obligations under this Contract in full or in part at any time by paying the unpaid principal balance and any earned and unpaid finance charges.

**5. Security Interest; Missing Information.** You grant us a security interest in the Equipment (and all proceeds thereof) to secure all of your obligations, now or in the future, under this Contract. Upon receipt of all amounts due and to become due under this Contract, we will release our security interest in the Equipment provided no event of default has occurred and is continuing. You agree to keep the Equipment free and clear of all liens and encumbrances, except those in our favor, and promptly notify us if a lien or encumbrance is placed or threatened against the Equipment. You irrevocably authorize us, at any time, to (a) insert or correct information on this Contract, including your correct legal name, serial numbers and Equipment descriptions; (b) submit notices and proofs of loss for any required insurance; (c) endorse your name on remittances for insurance and Equipment sale or lease proceeds; and (d) file a financing statement(s) which describes either the Equipment or all equipment currently or in the future financed by us. You irrevocably authorize anyone in possession of information regarding the location, maintenance, operation and condition of the Equipment to provide all of

THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| DOC9007 | Settlement Nbr: 12431706 | Equipment Type: C & CE Personal | | Page 2 of 7 |
|---|---|---|---|---|
| | Application ID: 12431706 | Version Number: 4 | 07/13/2017 01:20 PM | |
| Revision Date: 25 June 2017 | | | | |



that information to us upon our request.

**6. Equipment Maintenance, Operation, and Use. You agree to** a) USE THE EQUIPMENT ONLY FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES AND NOT FOR AGRICULTURAL, BUSINESS OR COMMERCIAL PURPOSES; (b) operate and maintain the Equipment in accordance with all (1) applicable laws, ordinances and regulations, (2) manuals and other instructions issued by the manufacturer(s) and supplier(s), and (3) insurance policy terms and requirements; (c) perform (at your expense) all maintenance and repairs necessary to keep the Equipment in as good a condition as when delivered to you, reasonable wear excepted; (d) allow us and our agent(s) to inspect the Equipment and all of your records related to its use, maintenance and repair, at any reasonable time; and (e) not permit the Equipment to be used by, or to be in the possession of, anyone other than you or your employees.

**7. Insurance.** You agree, at your cost, to maintain all-risk insurance coverage with respect to the Equipment for no less than its full replacement value, naming us (and our successor and assigns) as sole loss payee. You may choose who provides that insurance, but that insurance must be with companies and policies acceptable to us. Your obligation to insure the Equipment continues until all your other obligations under this Contract are satisfied. Each insurance policy must provide that (1) our interest in the policy will not be invalidated by any act, omission, breach or neglect of anyone other than us; (2) the insurer will give us at least 30 days' prior written notice before any cancellation of, non-renewal of, or material change to, the policy; and (3) such coverage shall be primary over any insurance purchased by us (or our subsidiaries).

Unless you provide us with evidence of the required insurance coverages, we may, but are not required to, purchase insurance, at your expense, to protect our interests in the Equipment and charge you an insurance fee on which we may make a profit. This insurance may not (1) protect your interests; or (2) pay any claim that you make or any claim that is made against you in connection with the Equipment. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained the insurance required by this Contract. **THE COST OF THE INSURANCE MAY BE MORE THAN THE COST OF THE INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN. THE COVERAGES OF THAT INSURANCE MAY BE DIFFERENT FROM THE COVERAGES OF INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN.** You agree to pay us the cost of any insurance. You will immediately pay that amount to us or we may, at our sole discretion, add that cost to the Account Balance and increase the required Installment Payments accordingly.

If a default occurs, you authorize us to cancel the insurance on the Equipment and apply any returned premiums to the Account Balance.

If the cost of the insurance was included in the Amount Financed, that insurance will terminate (a) if your debt to us is discharged, (b) if we release our security interest in the Equipment, (c) if a default occurs and we cancel the insurance, (d) if the Equipment is repossessed, (e) if the Floater Policy under which you purchased that insurance terminates, or (f) on the due date of the final scheduled Installment Payment.

**8. Loss or Damage.** Until all of your obligations under this Contract are satisfied, you are responsible for all risk of loss and damage, loss, theft, destruction or seizure of the Equipment (an "Event of Loss"). You must promptly notify us of any Event of Loss. If the Equipment can be repaired or replaced, you agree to promptly repair or replace the Equipment, at your cost, and the terms of this Contract will continue to apply. If the Equipment cannot be repaired or replaced, you agree to immediately pay us the Account Balance. Upon receipt of the Account Balance, we will release our security interest in the Equipment. All insurance proceeds must be paid directly to us, and we may apply any excess insurance proceeds to any other amounts you owe us or any of our affiliates.

**9. Default.** We may determine you to be in default if: (a) you fail to remit to us any Installment Payment or other payment when due; (b) you breach any other provision of this Contract; (c) you remove any Equipment from the United States; (d) a petition is filed by or against you or any guarantor under any bankruptcy, attachment, execution or insolvency law or you or any such guarantor make an assignment for the benefit of creditors; (e) a default occurs under any other agreement between you and us (or any of our affiliates); (f) you or any guarantor merges with or consolidates into another entity, sells substantially all its assets, dissolves or terminates its existence, or (if an individual) dies or becomes incompetent; (g) you fail to maintain the insurance required by this Contract; or (h) if for any reason, we deem the debt or the Equipment to be insecure. Time is of the essence under this Contract.

**10. Remedies.** If we determine that you are in default, we may do one or more of the following: (a) recover from you, AS LIQUIDATED DAMAGES FOR LOSS OF BARGAIN AND NOT AS A PENALTY, the Account Balance as of the date of such default, without presentment or demand; (b) declare any other agreements between you and us in default; (c) terminate any of your rights (but none of your obligations) under this Contract and any other agreement between you and us (or any of our affiliates); (d) require you to deliver the Equipment to us in the manner outlined below, or take possession of the Equipment; (e) lease or sell the Equipment or any portion thereof at a public or private sale; (f) apply the net proceeds we receive from any sale, lease or other disposition of the

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| | Settlement Nbr: 12431706 | Equipment Type: C & CE Personal | | |
|---|---|---|---|---|
| DOC9007 | Application ID: 12431706 | Version Number: 4 | 07/13/2017 01:20 PM | Page 3 of 7 |

Revision Date: 25 June 2017



Equipment (after deducting all of our costs and expenses) to your obligations under this Contract, with you remaining liable for any deficiency; (g) require you to reimburse and indemnify us for all losses, claims, damages and expenses of any kind or nature whatsoever incurred in connection with the Equipment or this Contract and/or the enforcement of our remedies hereunder including, without limitation, repossession, repair and collection costs, damage awards, attorneys' fees and court and bankruptcy fees and costs; (h) exercise any other remedy available at law or in equity; and (i) take on your behalf (at your expense) any action required by this Contract which you fail to take. These remedies are cumulative, are in addition to any other remedies provided for by law, and may be exercised concurrently or separately. Any failure or delay by us to exercise any right shall not operate as a waiver of any other right or future right. In no event will the costs and expenses referred to in this section be more than those allowed by law.

If we determine that you are in default, all Equipment must be delivered to the place designated by us, at your expense and in satisfactory condition, along with all use, maintenance, and repair records. Equipment is in satisfactory condition if it is in as good a condition as when the Equipment was delivered to you, reasonable wear excepted, as determined by us in our sole discretion.

**11. Assignment.** You will not assign, pledge, or otherwise transfer any of your rights or interests in this Contract or any Equipment without our prior written consent. Any assignment without our consent will be void. We may assign this Contract or our interest in the Equipment at any time without notice to you and without your consent. We may provide information about you to any prospective assignee or participant.

**12. Representations and Warranties.** You represent, warrant and covenant to us so long as this Contract is in effect, that: (a) you will not change your name without giving us at least 30 days' prior written notice; (b) each document you sign and deliver to us is duly authorized, executed and delivered by you, and is your valid, legal and binding agreement, enforceable in accordance with its terms; (c) the execution, delivery and performance by you of this Contract does not (and will not) violate any applicable law or breach any order of court or other governmental agency, or of any undertaking you are a party to or by which you or any of your properties are bound; (d) you will comply with all applicable laws, ordinances and regulations; (e) upon execution of this Contract, the Seller shall have good and marketable title to any trade-in equipment free and clear of all liens and encumbrances whatsoever, (f) all information you have given to us is true, accurate and complete; (g) since the date of the most recent financial information given to us, no material adverse change in your business, assets, or prospects has occurred; (h) you will promptly deliver to us such financial statements, reports and other information as we may request; (i) the Equipment was selected by you; (j) the Equipment (including all manufacturer manuals and instructions) has been delivered to, and examined by, you; (k) the safe operation and the proper servicing of the Equipment were explained to you; (l) you received the written warranty applicable to the Equipment and understand that your rights under the written warranty may be limited; (m) the Equipment is unconditionally and irrevocably accepted by you as being suitable for its intended use; (n) the Equipment is in good condition and repair (operating and otherwise); (o) the Equipment shall be used only for the purpose indicated herein, will remain in your possession and will not be sold, rented or leased; and (p) you will pay all taxes assessed on the Equipment. You agree not to move your residence to a different county or state without prior written notice to us.

**13. Governing Law; Jurisdiction; Venue.** THIS CONTRACT WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF IOWA, WHERE THIS CONTRACT IS ACCEPTED AND ENTERED INTO, except for its conflict of laws provisions. YOU AND WE IRREVOCABLY WAIVE ANY RIGHT YOU AND WE MAY HAVE TO A JURY TRIAL.

**14. Miscellaneous.** WE HAVE NOT MADE, AND DO NOT MAKE, ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AS TO THE EQUIPMENT'S MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, SUITABILITY, OR OTHERWISE. WE ARE NOT LIABLE FOR CONSEQUENTIAL OR SPECIAL DAMAGES. You acknowledge that the Seller of the Equipment is not an agent of ours, or authorized to act for or bind us. You agree not to withhold any amount you owe us if you believe you have a claim against us, the Seller, or any manufacturer(s) of the Equipment, but to pursue that claim independently. Any claim you have against us must be made within two years after the event that caused it. All notices must be in writing and will be deemed given 5 days after mailing to the intended recipient at its address indicated above, unless changed by a notice given in accordance with this Section. This Contract supersedes and replaces all prior understandings and communications (oral or written) concerning the subject matter thereof. No part of this Contract can be amended, waived or terminated except by a writing signed by both you and us. This Contract may be signed in separate counterparts that, together, will constitute one document. A paper or facsimile transmission copy of your signature or an electronic signature shall constitute an original signature under applicable law for all purposes. If a court finds any part of this Contract to be invalid or unenforceable, the remainder of this Contract will remain in effect. You permit us, and those third parties who provide services to us, to monitor and record telephone conversations between you and us. You agree that by providing us any telephone number, including a mobile phone number, we, any debt collector we retain, and those third parties who provide services to us, can contact you using that number, including calls using an automatic dialing and announcing device and prerecorded calls. All of our rights shall remain in effect after the expiration or termination of this Contract.

---

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| | Settlement Nbr: 12431706 | Equipment Type: C & CE Personal | | |
|---|---|---|---|---|
| DOC9007 | Application ID: 12431706 | Version Number: 4 | 07/13/2017 01:20 PM | Page 4 of 7 |

Revision Date: 25 June 2017



You and we intend to comply with all applicable laws. In no event will we charge or collect any amounts in excess of those allowed by applicable law. In the event any amount in excess of that allowed by law is charged or recovered, any such charge will be deemed limited by the amount legally allowed and any amount received by us in excess of that legally allowed will be applied by us to the payment of amounts legally allowed under this Contract, or refunded to you.

***NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.***

**15. ARBITRATION OF DISPUTES.** In the event of any past, present or future claim or dispute between you and us arising from or relating to this Contract any prior agreement you have had with us, your application, the relationships which result from your agreement with us or the enforceability or scope of this arbitration provision, of the Contract or of any prior agreement, you or we may elect to resolve the claim or dispute by binding arbitration.

This includes any such claim or dispute, whether based upon contract, property, tort, statute, common law, or equity. The parties agree and understand that the arbitration shall have all powers provided by law and the Contract. These powers shall include all legal and equitable remedies including, but not limited to money damages, declaratory relief, and injunctive relief. You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed, or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit.

The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have the right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein.

IF EITHER YOU OR WE ELECT ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM. PRE-HEARING DISCOVERY RIGHTS AND POST-HEARING APPEAL RIGHTS WILL BE LIMITED. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION.

IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS. NEITHER YOU NOR WE SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS IN ARBITRATION BY OR AGAINST OTHER CUSTOMERS WITH RESPECT TO OTHER ACCOUNTS, OR ARBITRATE ANY CLAIMS AS A REPRESENTATIVE OR MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY.

Even if all parties have opted to litigate a claim in court, you or we may elect arbitration with respect to any claim made by a new party or any new claims later asserted in that lawsuit, and nothing undertaken therein shall constitute a waiver of any rights under this arbitration provision. Arbitration may be elected at any time, regardless of whether a lawsuit has been filed, unless the lawsuit involving that claim or dispute has resulted in a final judgment. We will not invoke our right to arbitrate an individual claim you bring in small claims court or your state's equivalent court, if any, so long as the claim is pending only in that court and does not exceed $5,000.

The Contract involves interstate commerce, and this provision shall be governed by the Federal Arbitration Act (FAA). The arbitration shall be conducted by Judicial Arbitration and Mediation Service (JAMS) or the American Arbitration Association (AAA), at the option of the party electing arbitration, in accordance with their procedures in effect when the claim is filed. As of February 01, 2013, for a copy of their procedures, to file a claim or for other information, contact AAA's customers service at 1-800-778-7879 or visit their website at www.adr.org or contact JAMS at 1-800-352-5267 or by visiting their website at www.jamsadr.com. All claims may be filed at any JAMS or AAA office. At your written request, we will advance any arbitration filing, administrative and hearing fees which you would be required to pay to pursue a claim or dispute as a result of our electing to arbitrate that claim or dispute. The arbitrator will decide who will ultimately be responsible for paying those fees. In no event will you be required to reimburse us for any arbitration filing,

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| | Settlement Nbr: 12431706 | Equipment Type: C & CE Personal | | |
|---|---|---|---|---|
| DOC9007 | Application ID: 12431706 | Version Number: 4 | 07/13/2017 01:20 PM | Page 5 of 7 |

Revision Date: 25 June 2017



administrative, or hearing fees in an amount greater than what you and our combined court cost would have been if the claim had been resolved in a state court with jurisdiction.

Any arbitration hearing will take place in the federal judicial district where you reside. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law. The arbitrator's decision will be final and binding except for any appeal rights under the FAA and except that if the amount in controversy exceeds $100,000, any party may appeal the award within 30 days to a three-arbitrator panel which shall review the award de novo. The costs of such an appeal shall be borne by the appealing party regardless of outcome. Judgment upon any award by the arbitrator may be enforced in any court having jurisdiction.

Our rights and obligations under this arbitration provision shall inure to the benefit of and be binding upon our parent corporations, subsidiaries, affiliates, predecessors, successors, assigns, as well as the officers, directors and employees of each of these entities, and will also inure to the benefit of any third party named as a co-defendant with us or with any of the foregoing in a claim which is subject to this arbitration provision. Your rights and obligations under this arbitration provision shall inure to the benefit of and be binding upon all persons contractually liable under this agreement. This arbitration shall survive the payment in full by you and legal proceedings by us to collect a debt owed by you, any bankruptcy by you and any sale by us of the Contract.

**PHYSICAL DAMAGE INSURANCE REQUIRED:** If you elect Physical Damage Insurance below, such insurance does not include liability insurance coverage for bodily injury or property damage caused to others.

| INSURANCE DISCLOSURES: You may obtain property insurance from any agent that is acceptable to us. Physical Damage Insurance will not be provided unless you sign at the right and the premium is indicated. | TERM IN MONTHS | TOTAL PREMIUM |
|---|---|---|
| | 48 | $133.00 |

By signing below, you want Physical Damage Insurance and agree to pay the premium. (Sign in this box)

X *Barney Warren*

BARNEY WARREN

**THE TERMS OF THIS CONTRACT SHOULD BE READ CAREFULLY BEFORE SIGNING BECAUSE ONLY THESE WRITTEN TERMS ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES MAY BE LEGALLY ENFORCED. BY SIGNING THIS CONTRACT, YOU AGREE TO THE TERMS ON ALL PAGES, INCLUDING THE ARBITRATION OF DISPUTES. THIS CONTRACT IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN YOU AND US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

**NOTICE TO CUSTOMER:**
1. **Do not sign this paper before you read it.**
2. **You are entitled to a copy of this paper.**
3. **You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.**

I agree that the provisions on this form are part of my agreement with you and are also binding on me.

I agree that I have received a completely filled in copy of this Agreement.

7/13/17 X *Barney Warren*
(Date Signed) BARNEY WARREN

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC9007 | Settlement Nbr: 12431706 | Equipment Type: C & CE Personal | 07/13/2017 01:20 PM | Page 6 of 7 |
|---|---|---|---|---|
| | Application ID: 12431706 | Version Number: 4 | | |

Revision Date: 25 June 2017



Accepted By: **Deere & Company (Lender)**
6400 NW 86th Street, Johnston, IA 50131-6600

By: _____

_____    _____
(Date Agreement Signed)         (Authorized Signature)

*Eric T Meyer*

JUL 2 4 2017

---

THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| DOC9007 | Settlement Nbr: 12431706 | Equipment Type: C & CE Personal | | |
|---|---|---|---|---|
| | Application ID: 12431706 | Version Number: 4 | 07/13/2017 01:20 PM | Page 7 of 7 |
| Revision Date: 25 June 2017 | | | | |

